United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

————————————

No. 06-61093

(Summary Calendar)

————————————

MICHAEL O. MULLEN,

Plaintiff - Appellant,

versus

FIRST STUDENT INC.,

Defendant - Appellee.

———————————————————————————————

Appeal from the United States District Court
For the Southern District of Mississippi
No. 3:06-CV-566

———————————————————————————————

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

The appellant, Michael O. Mullen, alleges that, on Monday, May 9, 2005, he was run off the

road by a long, yellow bus while riding his bicycle on Highland Colony Parkway in Madison,

---

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth Circuit
Rule 47.5.4.

Mississippi. As a result of the incident, Mullen suffered personal injuries and filed a negligence action against First Student, Inc., the company that operates the school buses for Madison County School District. The suit was originally filed in state court but properly removed to federal court on diversity jurisdiction. Applying Mississippi law, the district court granted First Student's motion for summary judgment and found that the circumstantial evidence offered by Mullen did not sufficiently establish that First Student was the owner/operator of the bus involved in the incident.

We review grants of summary judgment *de novo*, applying the same standard as the district court. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 401 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 798 (2005). Summary judgment is appropriate if the moving party can show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Wheeler*, 415 F.3d at 401. "[A] 'dispute about a material fact is "genuine" . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003) (citations omitted). We view the evidence in the light most favorable to the non-moving party)) in this case, Mullen. *Wheeler*, 415 F.3d at 401-02.

The issue for this court is whether Mullen's circumstantial evidence is sufficient to create a genuine issue of material fact as to the owner/operator of the bus. Neither Mullen nor the other two eye witnesses testified as to any characteristics of the bus beyond the fact that it was long and yellow, generally consistent with a school bus. No one was able to identify any writings or markings on the bus that made it specific to the Madison County School District or otherwise to First Student. But Mullen attempts to identify the owner/operator of the bus not by its specific appearance but rather by its location and timing. The accident occurred at approximately 3:30 p.m. in a northbound lane

on Highland Colony Parkway, just south of the intersection with Highway 463. Madison Central High School, which is part of the Madison County School District and is therefore serviced by First Student, is located near the accident on Highland Colony Parkway. First Student submitted that it had around thirty buses that operated in that vicinity, though it did not specify what time the buses operated. Mullen provided evidence that neither of the other two schools in the general vicinity, St. Andrew's Episcopal School and St. Joseph Catholic School, operated buses that would have traveled northbound on Highland Colony Parkway at around 3:30 p.m. the date of the accident. Further, the principal of Madison Central High School stated that there was nothing scheduled on the day of the accident which "would have required other bussing of students from another school to Madison Central High School," although she admitted that it was possible additional activities may have been added which were not added to the schedule. And, after researching the event calendar at St. Joseph, an employee of St. Joseph stated that "there were no events on that date that would have resulted in any buses from any other school coming to St. Joseph Catholic School on May 9, 2005." No employee of St. Andrew's made any submissions regarding the events schedule at St. Andrew's.

Because this case was decided at summary judgment, we must ask whether a reasonable jury could think that Mullen "prove[d] by a preponderance of the evidence, e.g., with reasonable definiteness, that the party charged with the tort is the one actually responsible for it." *Rucker v. Hopkins*, 499 So. 2d 766, 769 (Miss. 1986). "Under well-established Mississippi law, negligence may be proved by circumstantial evidence, provided that the circumstances are sufficient to take the case 'out of the realm of conjecture and place it within the field of legitimate inference.'" *Thomas v. Great Atl. & Pac. Tea Co.*, 233 F.3d 326, 329-330 (5th Cir. 2000) (citing *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1999)).

The district court found that Mullen did not meet this standard because he did not "provide any description of the bus or driver that would distinguish it from the tens or hundred of other like buses which travel the highways of [Mississippi] on every school day." We disagree. What distinguishes this bus from other buses in the state is that the bus allegedly involved in this incident was traveling north on that particular stretch of the Highland Colony Parkway at that particular time, namely in the afternoon of a school day. To defeat summary judgment, Mullen need not prove a negative, that no bus owned or operated by someone other than First Student could have been there at that time. He need only establish that a reasonable jury could think that a preponderance of the evidence shows the bus belonged to First Student. Although the evidence is circumstantial, when viewed in a light most favorable to Mullen, it is sufficient to allow a reasonable to jury to make a legitimate inference that First Student was the owner/operator of the bus. *Cf. Smith v. Estate of Gilbert*, 498 So. 2d 823, 825 (Miss. 1986) ("[W]e have held that when a case turns on circumstantial evidence it should rarely be taken from the jury.").

Therefore, we REVERSE the district court's grant of summary judgment and REMAND for further proceedings.